The Honorable Nick Wilson State Senator P.O. Box 525 Pocohontas, Arkansas 72455
Dear Senator Wilson:
This is in response to your request for an opinion on two questions concerning A.C.A. § 6-18-222 (Supp. 1995). That statute provides, in part, for the levy of civil penalties against the parents or guardians of excessively absent school children. You pose two specific questions concerning this statute which are as follows:
 1. Who has the responsibility to review absences to determine whether they are excused or unexcused — the court or the school?
 2. Must a school file an affidavit with the prosecuting attorney's office when a student reaches thirteen (13) absences, regardless of whether or not they are excused or unexcused?
It is my opinion, in response to your first question, that both the school and the court have responsibility and authority to review absences and to determine whether they are excused or unexcused, each in its own venue. The school district, must, of necessity, make the initial determination as to whether certain absences are excused or unexcused. The statute provides in relevant part that:
 (a)(5) Whenever a student exceeds the number of excessive unexcused absences provided for in the district's . . . student attendance policy,[1] the school district . . . shall notify the prosecuting authority, and the student's parents, guardians, or persons in loco parentis shall be subject to a civil penalty. . . .
* * *
 (a)(8) In cases where the court determines the student's unexcused absences cannot be attributed to the parents, guardians, or persons in loco parentis, the action may be suspended or dismissed conditioned on a petition's [sic] being filed in juvenile court to seek services on behalf of the student.
Section 6-18-222(a)(5) and (a)(8) (Supp. 1995).
The school district must notify the prosecuting authority when a student has the requisite number of "unexcused absences." The school district must, of course, therefore determine initially whether the absences are unexcused. It would be unreasonable to conclude, however, that a school district's judgment in this regard is never subject to any type of judicial review, particularly where the imposition of civil penalties against the parents is at issue. It is therefore my opinion that the court hearing the action for civil penalty may entertain a parent's or guardian's assertion that some or all of the absences were excusable, although a court may be constrained to follow any school district policies defining when absences are to be excused in this regard.
It is my opinion that the answer to your second question is "no." The statute above clearly makes mandatory the school district's duty to notify the prosecuting authority only in the event of "unexcused" absences over the requisite number. Thus, a school district must notify the prosecuting authority only in the event of excessive "unexcused" absences, and not in the event of the student reaching the requisite number of absences where some of the absences are excusable.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] I assume that in the particular district to which you refer, this number is thirteen, as is suggested in your second question.